421 A.2d 278

## COMMONWEALTH of Pennsylvania

### v.

### Daniel V. DAVIES, Appellant.

Superior Court of Pennsylvania.

Argued Nov. 12, 1979.

Filed July 11, 1980.

Petition for Allowance of Appeal Denied Dec. 18, 1980.

436

J. David Ungerman, Erie, for appellant.

Michael M. Palmisano, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before SPAETH, HOFFMAN and VAN der VOORT, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court deprived him of a fair trial by refusing to allow him to depose before trial certain individuals who allegedly could have provided exculpatory evidence. We disagree and, accordingly, affirm the judgment of sentence.

In late 1976 and early 1977, Children's Services of Erie County (Children's Services) conducted an investigation into a report that appellant had sexually abused a fifteen–year–old boy whom Children's Services had placed in the foster home which appellant operated. Children's Services concluded from this investigation that the report of abuse was "unfounded." [1] Subsequently, in June, 1977, the Commonwealth charged appellant with multiple counts of involuntary deviate sexual intercourse, corruption of minors, and criminal solicitation in connection with the sexual abuse of the boy and three other children, ages eight to fourteen, who had been placed in appellant's home. Suspecting that the Children's Services investigation had uncovered exculpatory evidence, appellant requested a court order allowing him to take pretrial depositions of "those individuals who conducted the investigation." [2] The court refused to grant such an order, and the case proceeded to trial without a jury. The Commonwealth's case consisted entirely of the testimony of

1. "Unfounded" is a term of art under the Child Protective Services Law, 11 P.S. § 2201 et seq. A report of child abuse is deemed "unfounded" when there is neither a "judicial adjudication based on a finding that a child who is a subject of the report has been abused," nor "substantial evidence [before the appropriate child protective service] of the alleged abuse ... based on (I) available medical evidence and the child protective service investigation or (II) an admission of the acts of abuse by the child's parent or person responsible for the child's welfare." 11 P.S. § 2203.

2. Appellant sought such depositions rather than inspection of records of Children's Services' investigation because those records had been destroyed pursuant to section 14(l) of the Child Protective Services Law, 11 P.S. § 2214(l).

the four young victims, who described in detail numerous instances of sexual abuse. Appellant called two Children's Services caseworkers,[3] who testified that several of the victims had denied during the investigation that any instances of sexual abuse had ever occurred.[4] On October 31, 1977, the court found appellant guilty of all charges. After denying post–verdict motions, the court imposed sentence, and appellant took this appeal.

■ Appellant contends that the lower court's refusal to allow him to depose individuals who had conducted the Children's Services investigation into the original report of abuse sanctioned the type of official suppression of exculpatory evidence proscribed in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and its progeny. In so contending, appellant reasons that because Children's Services is an agency of the Commonwealth, it is subject to the same duty of disclosure as is the prosecutor. We disagree. In *Brady v. Maryland, supra,* the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of

**3.** A third caseworker who had knowledge of the Children's Services investigation was neither subpoenaed by appellant nor present at trial. Although appellant insists that the denial of his request for pretrial discovery precluded him from learning of and subpoenaing this prospective witness, the record does not support his contention. Before trial the lower court issued an order directing all three caseworkers to testify at appellant's preliminary hearing. That order clearly identified the individual whose existence appellant now claims he was unaware of at trial.

**4.** On cross–examination and examination by the court one of the caseworkers testified that several of the victims had sent letters to Children's Services denying that any abuse had occurred. The caseworker testified, however, that these letters had been mailed together in one envelope while the children were still living in appellant's home and "possibly [were] not self–initiated by the children." The second caseworker testified that although during the Children's Services investigation one of the victims had "adamantly denied" sexual involvement with appellant, the boy later retracted that denial in conversations with the police.

the prosecution." 373 U.S. at 87, 83 S.Ct. at 1196–1197. "The heart of the holding in *Brady* is *the prosecution's* suppression of evidence." *Moore v. Illinois*, 408 U.S. 786, 794, 92 S.Ct. 2562, 2568, 33 L.Ed.2d 706 (1972) (emphasis added).[5] In the present case Children's Services simply cannot be characterized as being "part of the prosecution." *Commonwealth v. Wilder*, 461 Pa. 597, 602 n.6, 337 A.2d 564, 567 n.6 (1975) (plurality opinion). It neither brought criminal charges against appellant nor conducted any investigation into appellant's criminal liability. Its role in the events which preceded this prosecution was limited to investigating whether the best interests of children entrusted to appellant's care and supervision were being served. Accordingly, we reject appellant's suggestion that Children's Services was obligated under *Brady* to disclose any exculpatory evidence it may have possessed.

■ We note additionally that the rules of court in effect at the time of trial did not entitle appellant to the pretrial discovery which he sought. Former Pa.R.Crim.P. 310 expressly limited discovery in criminal cases to written confessions and written statements made by a defendant, absent "exceptional circumstances and compelling reasons."[6] Ap-

5. The plurality opinion in *Commonwealth v. Wilder*, 461 Pa. 597, 337 A.2d 564 (1975) does not, as appellant suggests, extend the *Brady* rule of disclosure to nonprosecutorial agencies such as Children's Services. Although the plurality in *Wilder* stated that "[i]t makes no difference that the withholding of evidence was by officials other than the prosecutor," the justices were clearly referring to officials, such as the police, who are "part of the prosecution." 461 Pa. at 602 n.6, 337 A.2d at 567 n.6.

6. Former Pa.R.Crim.P. 310 provided in relevant part as follows: The court may order the attorney for the Commonwealth to permit *the defendant or his attorney, and such persons as are necessary to assist him, to inspect and copy or photograph any written confessions and written statements made by the defendant.* No other discovery or inspection shall be ordered except upon proof by the defendant, after hearing, of exceptional circumstances and compelling reasons.
Former Rule 310 has been amended substantially since trial in this case took place. For present provisions governing pretrial discovery in criminal proceedings, *see* Pa.R.Crim.P. 305.

pellant showed no exceptional circumstances and compelling reasons which would have warranted allowance of the depositions which he requested. Indeed, the fact that he was able to subpoena and examine Children's Services personnel indicates that no such circumstances and reasons existed. Accordingly, we find no error in the lower court's refusal to allow appellant to depose employees of Children's Services.

Judgment of sentence affirmed.

SPAETH, J., files concurring opinion.

SPAETH, Judge, concurring:

I join in the majority opinion, but wish to express my understanding of the scope of the majority's holding. It would be possible to read the majority's opinion as holding that because Children's Services is not the prosecutor, it has no duty of disclosure. I do not understand the opinion so to hold. In other circumstances than those present in this case, an accused may have the right, both under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and our rules of criminal procedure, to discovery of an investigation conducted pursuant to the Child Protective Services Law, 11 P.S. § 2201 *et seq.* (1979–80 Supp.) This right may arise, for example, if matters regarding the accused are learned by law enforcement officers through the child agency's investigation, and the investigation influences the decision to commence criminal proceedings against the accused. Here, however, appellant does not contest the Commonwealth's assertion that it did not have access to, and therefore the decision to prosecute was not influenced by, information received by the child welfare agency.